IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL VORCHHEIMER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5145 |
| | : | |
| THE PHILADELPHIAN OWNERS' ASSOCIATION, et al. | : | |

## ORDER

AND NOW, this 17th day of March, 2017, upon consideration of Defendants The Philadelphian Owners' Association, June Idzal, and Frank J. Bonom's Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's response thereto, it is ORDERED Defendants' Motion (Document 27) is GRANTED. Plaintiff's Amended Complaint is DISMISSED with prejudice.[1]

The Clerk of Court is DIRECTED to mark the above-captioned case CLOSED.

---

[1] Plaintiff, a resident of The Philadelphian condominium building, suffers from pulmonary hypertension and accordingly requires the use of a walker or scooter. She alleges Defendants have violated her rights under the Fair Housing Amendments Act of 1988 (FHAA) by refusing to permit her to leave her walker and/or scooter in the lobby when she leaves the condominium building to drive her car.
    On December 16, 2016, this Court dismissed Plaintiff's original Complaint for failure to state a claim upon which relief may be granted, finding Plaintiff failed to state a FHAA claim because she did not plead facts that supported the plausible inference that being able to leave her walker and/or scooter in the lobby unattended and undisturbed while she is away from the building is necessary. The Court permitted Plaintiff to file an amended complaint, which she has done, and which Defendants now move to dismiss.
    Plaintiff's Amended Complaint contains most of the factual allegations of her original Complaint. The few additional allegations in the Amended Complaint merely supplement facts this Court has already considered and therefore do not alter the Court's analysis or conclusion in its December 16, 2016, Order. The Court therefore grants Defendants' motion to dismiss.
    Furthermore, the Court finds further amendment of her complaint would futile and therefore dismisses the Amended Complaint with prejudice. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) (indicating leave to amend a complaint is unnecessary where amendment would be futile).

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.